

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-2-2006

# Webber v. PA Bd Probation

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2020

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Webber v. PA Bd Probation" (2006). *2006 Decisions.* Paper 375.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/375

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-340                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2020
_____

LONNIE WEBBER,
Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE;
BENJAMIN A. MARTINEZ; PA DEPARTMENT OF
CORRECTIONS; JEFFREY A. BEARD
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-01600)
District Judge: Honorable Thomas I. Vanaskie
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 21, 2006

Before: BARRY, SMITH AND NYGAARD, CIRCUIT JUDGES

(Filed: October 2, 2006)

_____

OPINION
_____

PER CURIAM

Lonnie Webber appeals the District Court's order granting appellees' motion for

summary judgment. The procedural history of this case and the details of Webber's claims are well-known to the parties, set forth in the District Court's thorough memorandums, and need not be discussed at length. Briefly, Webber filed a civil rights complaint against the Pennsylvania Board of Probation and Parole, its Chairman, the Department of Corrections, and its Secretary. He alleged that he is a veteran with a psychoneurotic disorder and was once addicted to cocaine. Webber argued that he was entitled to placement in a community-based treatment program instead of being imprisoned after his parole was revoked for technical violations.[1] He further asserted that the Board required him to participate in an eighteen-month residential substance abuse treatment program despite his prior successful completion of a six-week treatment program. He contended that the appellees' actions violated his constitutional rights as well as his rights under the Rehabilitation Act (RA) and the Americans with Disabilities Act (ADA). The District Court granted the appellees' motion to dismiss as to all of Webber's claims except his RA and ADA claims against the Board and its Chairman, Benjamin Martinez. The District Court subsequently granted appellees' motion for summary judgment on the remaining claims. Webber filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's orders granting appellees' motions to dismiss and for summary

---

[1] Webber was convicted of narcotics charges in 1991 and sentenced to four to twenty-five and a half years in prison. He was paroled in 2000 and his parole was revoked in 2003.

judgment.  Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998).  When reviewing a complaint for failure to state a claim, the Court must accept the allegations in the complaint as true.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The Court should not dismiss a complaint unless it is clear that no relief could be granted under any set of facts that could be proved.  Id.  A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  We review the facts in a light most favorable to the party against whom summary judgment was entered.  See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

We agree with the District Court that Webber had no right to be placed in a community-based treatment program for veterans instead of being imprisoned after his parole was revoked.  We further agree that appellees were entitled to summary judgment on Webber's claims that he was denied parole in July 2003 based on a disability or perceived disability.[2]

Summary action is appropriate if there is no substantial question presented in the

_____

[2] While not dispositive of the issues on appeal, we note that according to documents Webber has submitted on appeal, he was denied parole in October 2004, April 2005, and April 2006.  While in those decisions the Board indicated that it would consider at the next review whether Webber had successfully completed a substance abuse treatment program, the Board gave other reasons for its decisions including recommendations made by the Department of Corrections, institutional misconducts, Webber's prior history of supervision failures, his interviews with the hearing examiners, and his minimization of his offense.

appeal.  <u>See</u> Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit I.O.P. 10.6.